Per Curiam.

Plaintiff was struck by an automobile driven by defendant Bernstein as she stepped from a trolley car operated by defendant Third Avenue Transit Corporation. The negligence of defendant Bernstein in passing so close to the trolley while it was discharging passengers is not questioned on this appeal. The alleged negligence of the Transit Corporation is that the trolley stopped short of the regular stop at the corner (because there was another trolley held at the corner by a red light) and the motorman opened the door without observing traffic conditions and permitted the plaintiff to step out into the path of moving traffic.
The accident happened at daytime. Plaintiff testified that she knew the position of the trolley and the location where *244 she was alighting. She further testified that she alighted without looking. In Krupnick v. Branikowski (271 N. Y. 612) the Court of Appeals held in a case where plaintiff, on alighting from a trolley which stopped short of the corner, was struck by a passing automobile, that the questions of negligence and contributory negligence were for the jury. Facts distinguishing the Krupnick case from the instant case are that the accident there happened at night and there was no evidence that the plaintiff alighted with full cognizance of his position without looking.
We shall not attempt to suggest the observations which should be made by a motorman in stopping his car short of a corner and permitting passengers to alight in broad daylight, but shall assume for the purpose of this appeal that the alleged negligence of the defendant was a jury question in this casé, properly determined against the defendant by the jury’s verdict. We are constrained to hold, however, that the plaintiff, in alighting with full knowledge of her position, without looking, was guilty of contributory negligence as a matter of law (Knapp v. Barrett, 216 N. Y. 226, 230).
The judgment insofar as it is against defendant Third Avenue Transit Corporation should be reversed, with costs and the complaint dismissed as to said defendant with costs.
Martin, P. J., Dore and Peck, JJ., concur; Glennon and Cohn, JJ., dissent and vote to affirm.
Judgment, so far as appealed from, reversed, with costs to the appellant and the complaint dismissed as to defendant-appellant, with costs.